IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY JONES                                                                                        PLAINTIFF

v.                                          Case No. 6:18-cv-06064

JOSEPH GENTLE (ADC Correctional
Officer); FAUST (Warden ADC Ouachita River Unit);
WENDY KELLY (ADC Director);
RAYMOND NAYLOR (ADC Disciplinary Hearing Officer);
DANIEL W. GOLDEN (ADC Hearing Officer);
DOE (ADC Ouachita River Unit Sergeant)[1]                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 25, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 67). Judge Bryant recommends granting Defendants' Motion for Summary Judgment. (ECF No. 51). Judge Bryant further recommends that Plaintiff's Motion to Compel (ECF No. 46), Motion for Address Assistance and a Walk-Through of ORCU (ECF No. 61), and Motion for Summary Judgment (ECF No. 62) be denied. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 68). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983, on March 29, 2018, in the Eastern District of Arkansas. (ECF No. 2). Plaintiff's Complaint was screened and served in the Eastern District. (ECF No. 8). On July 11, 2018, Plaintiff's Complaint was transferred to the Western District of Arkansas. (ECF No. 14).

Plaintiff alleges that on January 9, 2018, Defendant Gentle violated his Fourteenth

---

[1] As noted by Judge Bryant, the time to identify any Doe Defendants in this case has passed.

Amendment Due Process rights by falsifying a behavior report and disciplinary charge in retaliation for verbal altercation between them. (ECF No. 2, p. 5). Plaintiff then appeared before Defendant Golden for a disciplinary charge hearing on January 19, 2018. Plaintiff alleges Defendant Golden violated his Due Process rights by refusing to review camera footage which showed that Defendant Gentle lied about the altercation and by ignoring Corporal Butler's witness statement on his behalf. He alleges Defendant Golden found him guilty based on "no evidence." (*Id.*). Plaintiff alleges his appeals were denied by Defendants Faust, Naylor, and Kelley, who also declined to review the camera footage and Corporal Butler's witness statement. (*Id.* at 5-7).

Plaintiff also alleges that, as a result of the disciplinary charge conviction, he was placed in punitive segregation, where his Eighth Amendment rights were violated by the conditions of confinement. Specifically, Plaintiff alleges that he was subjected to: (1) 24-hour isolation (2) constant cell illumination; (3) mat extraction for "obtuse hours;" (4) loss of the ability to shower; and (5) constant excessive noise, including banging on walls and vents and yelling throughout the night. (*Id.* at 7).

Plaintiff proceeds against all Defendants in both their official and individual capacities. (*Id*. at 2). He seeks compensatory relief, punitive relief from Defendant Gentle, injunctive relief concerning the excessive noise and constant illumination in the punitive isolation area, court costs and legal fees, and expungement of his disciplinary conviction. (*Id.* at 9).

Defendants filed their Motion for Summary Judgment on December 17, 2018. (ECF No. 51). Plaintiff responded on January 7, 2019. (ECF No. 59). Plaintiff then filed a separate Motion for Summary Judgment on May 2, 2019. (ECF No. 62). On July 25, 2019, Judge Bryant entered his Report and Recommendation, recommending that that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted. (ECF No.

67). Plaintiff filed his objections to the Report and Recommendation on August 12, 2019. (ECF No. 68).

**DISCUSSION**

Judge Bryant recommends denying Plaintiff's Motion for Summary Judgment (ECF No. 62) as untimely. Judge Bryant further recommends granting Defendants summary judgment on each of Plaintiff's claims. Plaintiff has made numerous objections to Judge Bryant's findings. The Court will first address whether Plaintiff's Motion for Summary Judgment was timely filed. Then, the Court will address each of Plaintiff's claims in turn.

**I. Timeliness of Plaintiff's Motion for Summary Judgment**

Judge Bryant recommends denying Plaintiff's Motion for Summary Judgment (ECF No. 62) as untimely. The dispositive motions deadline in this case passed on December 17, 2018. Plaintiff did not file his Motion for Summary Judgment until May 2, 2019. Plaintiff does not dispute that his motion was untimely. However, Plaintiff states that he was denied legal supplies and transferred four times to three different units in an effort to prevent him from accessing the law library.

Upon review, the Court agrees with Judge Bryant. As noted above, the dispositive motions deadline in this case was December 17, 2018. Defendants filed their Motion for Summary Judgment (ECF No. 51) on the deadline. Plaintiff was able to timely respond to Defendants' summary judgment motion and did not begin filing grievances pertaining to legal supplies and law library access until March 7, 2019. Thus, there was approximately a two-month window where Plaintiff presumptively had access to the law library and legal supplies, and could have filed an unhindered, albeit late, summary judgment motion. Plaintiff also never moved to extend any deadlines or attempted to notify this Court that he needed additional time to prepare any

documents. Further, Plaintiff states in his objections that he was allowed to visit the law library once a week.

Accordingly, the Court finds that Plaintiff's Motion for Summary Judgment (ECF No. 62) should be denied as untimely.

## II. Official Capacity Claims

Judge Bryant recommends granting Defendants summary judgment on Plaintiff's official capacity claims for money damages because Defendants are entitled to sovereign immunity. Plaintiff contends that he only sues Defendants in their individual capacities; however, Plaintiff's Complaint clearly indicates that he is asserting both individual and official capacity claims. The Court has reviewed the remainder of Plaintiff's objections relating to his official capacity claims and finds that they are not specific to Judge Bryant's findings or otherwise do not entitle Plaintiff to relief.[2]

Accordingly, the Court finds that Defendants are entitled to sovereign immunity on Plaintiff's official capacity claims for money damages.

## III. Disciplinary Charge—First Amendment Retaliation

Judge Bryant recommends dismissing Plaintiff's First Amendment retaliation claim because there is "some evidence" that Plaintiff is guilty of the disciplinary charge. Plaintiff argues that Judge Bryant erred in applying the "some evidence" standard. Instead, Plaintiff contends that Judge Bryant should have applied a "reliable evidence" standard to his retaliation claims. Plaintiff also argues that the verbal altercation resulting in his disciplinary conviction never took place because he was locked in his cell at the time Defendant Gentle and Corporal Butler reported that the altercation occurred.

---

[2] Plaintiff makes arguments about qualified immunity. Judge Bryant did not make any findings on this issue.

Upon review, the Court finds that although Plaintiff suggests that the Court should apply a "reliable evidence" standard to retaliation claims, the Eighth Circuit Court of Appeals has consistently held that as long as there is "some evidence" that an inmate actually committed a rule violation, then a retaliation claim will fail. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998). Moreover, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Onstad v. Hobbs*, 607 Fed. App'x 595, 596 (8th Cir. 2015).

In the instant case, Judge Bryant correctly applied the "some evidence" standard. There are reports from two correctional officers stating that they engaged in a verbal altercation with Plaintiff, wherein Plaintiff refused to obey several direct orders. There is also no evidence in the summary judgment record that Defendant Golden was not an impartial decision maker. As to Plaintiff's argument that the altercation never took place because he was locked in his cell, Plaintiff admits that he got into a verbal altercation with the correctional officers approximately two hours before the altercation mentioned in the officers' reports. Thus, there is "some evidence" that Plaintiff is guilty of the disciplinary charge.

Accordingly, the Court finds that Defendants are entitled to summary judgment on Plaintiff's First Amendment retaliation claims.

**IV. Disciplinary Charge—Due Process**

Judge Bryant recommends dismissing Plaintiff's Due Process claims because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and because the summary judgment record is clear that Plaintiff received constitutionally adequate Due Process. Plaintiff objects to Judge Bryant's findings.

A claim for damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. *Heck* also extends to inmate disciplinary proceedings. *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff does not argue that his disciplinary conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid. Thus, Plaintiff's Due Process claim, which necessarily challenges the validity of his disciplinary conviction, is *Heck*-barred.

Even if Plaintiff's claim is not *Heck*-barred, the summary judgment record is also clear that Plaintiff received adequate Due Process. Plaintiff was (1) served with written notice five days prior to his disciplinary proceeding; (2) given a hearing where he had the ability to present evidence and witnesses in his defense; and (3) received a written decision from an impartial decision maker stating the evidence relied on and reasoning behind his conclusion. Further Plaintiff has allowed to appeal the disciplinary decision to the warden. This is sufficient Due Process for an inmate's disciplinary hearing. *Sanders v. Hobbs*, 773 F.3d 186, 191 (8th Cir. 2014); *Goff v. Dailey*, 991 F.2d 1437, 1441 (8th Cir. 1993).

Accordingly, the Court finds that Defendants are entitled to summary judgment on Plaintiff's Due Process claims.

**V. Conditions of Confinement in Punitive Isolation**

Judge Bryant recommends granting Defendants summary judgment on Plaintiff's conditions of confinement claims because Plaintiff failed to exhaust his administrative remedies,

and alternatively, because Plaintiff's claims do not constitute an Eighth Amendment Violation. Plaintiff objects to both of these findings

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eighth Circuit Court of Appeals, however, has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001)).

On January 25, 2018, Plaintiff filed a grievance concerning the conditions of confinement in punitive isolation. The ADC mistakenly failed to process this grievance as being "previously answered/rejected, or a duplicate." Plaintiff did not file another grievance pertaining to the conditions of confinement in punitive isolation. Judge Bryant found that Plaintiff failed to exhaust his remedies because he should have known that the grievance was erroneously rejected, noted this error, and appealed. Plaintiff contends that he attempted to appeal in every manner available to him and that the ADC failed to comply with its grievance procedures when it did not process the valid grievance. Upon consideration, the Court agrees with Plaintiff that a genuine dispute of material fact exists as to whether the grievance procedure was available and properly administered, thereby preventing the Court from ruling on this issue as a matter of law.

Accordingly, the Court declines to adopt Judge Bryant's Report and Recommendation insofar as it finds that Plaintiff failed to exhaust his administrative remedies. The Court will now

7

address Judge Bryant's finding on the merits of Plaintiff's Eighth Amendment Claim.

### B. No Eighth Amendment Violation

Judge Bryant alternatively found that none of the conditions of confinement alleged by Plaintiff in this case—24-hour isolation, constant cell illumination, mat extraction for "obtuse hours," loss of the ability to shower, and constant, excessive noise—amounted to an Eighth Amendment violation. Plaintiff objects, arguing that the combined effect of all these conditions violated his Eighth Amendment rights.

Upon consideration, the Court agrees with Judge Bryant. Plaintiff was subjected to these allegedly unconstitutional conditions for twenty-one days while he was serving out the sentence resulting from his disciplinary conviction. Inmates have been subjected to worse conditions than that experienced by Plaintiff, for longer periods of time, without implicating the Eighth Amendment. *See, e.g.*, *Onstad v. Hobbs*, 607 Fed. App'x 595, 596 (8th Cir. 2015) (finding no Eighth Amendment violation when cells were constantly illuminated for four months); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that an inmate spending thirty-seven days in punitive isolation did not rise to the level of an Eighth Amendment violation); *Burgess v. Hobbs*, Case No. 5:11-cv-00076 JMM/HDY, 2011 WL 1584316, *3 (E.D. Ark., Apr. 12, 2011) (finding removal of sleeping mat from 7 a.m. to 7 p.m. for period of thirty days was not an Eighth Amendment violation). Judge Bryant's recommendation is also supported by the summary judgment record. The shower records indicate that Plaintiff was able to shower on nine of these twenty-one days he was in isolation. Thus, Plaintiff's shower access, or lack thereof, does not amount to an Eighth Amendment violation. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989) (providing inmate with only two showers per week was not an Eighth Amendment violation). There is also no summary judgment evidence that Defendants were aware of any issues

stemming from loud or excessive noise. Therefore, they could not have been deliberately indifferent to an excessive risk to Plaintiff's health from complications caused by the noise.

Moreover, Plaintiff has failed to demonstrate that he suffered more than *de minimus* physical injury as a result of the alleged conditions of confinement in punitive isolation. This alone is fatal to Plaintiff's conditions of confinement claims. *See, e.g.*, 42 U.S.C. § 1997e(e) (providing that "[n]o [f]ederal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (dismissing section 1983 claim for damages where the prisoner failed to allege that he suffered any physical injuries).

Accordingly, Defendants are entitled to summary judgment on Plaintiff's conditions of confinement claims.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation (ECF No. 67) except as to the finding that Plaintiff failed to exhaust his administrative remedies. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 51) is hereby **GRANTED**. Plaintiff's Motion to Compel (ECF No. 46), Motion for Address Assistance and a Walk-Through of ORCU (ECF No. 61), and Motion for Summary Judgment (ECF No. 62) are hereby **DENIED**. Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge